```
               IN THE UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF ARKANSAS
                         EASTERN DIVISION


JOSEPH ERIC PELUSO, III                                  PETITIONER


vs.                  Civil Case No. 2:08CV00177 HLJ


T. C. OUTLAW, Warden,
FCI, Forrest City, Arkansas                              RESPONDENT
```

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

>   1. Why the record made before the Magistrate Judge is inadequate.
>
>   2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.
>
>   3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## DISPOSITION

Now before the court is Respondent's Motion to Dismiss this petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner, Joseph Eric Peluso, III, entered a guilty plea on August 24, 2006, in the United States District Court for the Southern District of Florida to various firearm charges and he received a sentence of fifty-seven months imprisonment. He did not appeal his conviction or sentence, and he did not challenge it through a petition under 28 U.S.C. § 2255. He wrote a letter to

the sentencing judge, who interpreted the letter as a motion to withdraw his plea, which the judge denied (Respondent's Exhibits 3 & 4). He submitted another letter, which the judge interpreted as a petition in support of issuance of a subpoena duces tecum, which he denied (Respondent's Exhibits 5 & 6). He submitted a third letter, which the court interpreted as a request for issuance of a judicial recommendation or order, which the judge denied (Respondent's Exhibits 7 & 8). He has now filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in this court and, as far as the court is able to discern, he raises the following claims, as stated in his Petition and in his reply to the Motion to Dismiss:

    1.  The trial court did not have jurisdiction to try or sentence him;

    2.  He was the victim of entrapment;

    3.  His guilty plea was coerced;

    4.  His sentence is unconstitutional;

    5.  The law under which he was prosecuted is invalid;

    6.  He was denied due process and equal protection;

    7.  "Erroneous jurisdiction in the matter, absent of qualifying the jurisdictional (NEXUS) in the Statute to a Grand Jury;"

    8.  "Impermiss[i]ble application of Code, Statute, and Law (Public Law 80-722, 18 U.S.C. § 3231, and Statute at Large 683);"

    9.  "Denial of equal access to the law and the protections thereof (Ineffective Assistance of Counsel);"

10. "Non-disclosure of all relevant information, intentional misrepresentation of facts, fraud, coercion, trickery, abuse, torture, threats and fear;"

11. "Orchestrating a rouge (sic) operation that conspired to deprive Petitioner of life, liberty, and property, inclusive of conduct that inflicted Cruel and Unusual Punishment;"

12. "Failure to correct known fundamental defects that adversely prejudice Petitioner;"

13. "Failure of THE UNITED STATES OF AMERICA to certify and validate everything propounded;"

14. "Sabotaging Petitioner's right to an equal, just, and true defense;"

15. "Seizure, forfeiture, and theft of Petitioner's property, absent of enforceable Constitutionally valid law" and

16. "Obstruction via failure to act in good faith, absent of adhering to high ethical and moral standard of integrity as entrusted."

The court is convinced, after considering all of the documents submitted by Petitioner, that he is attempting to challenge the constitutionality of his convictions. Challenges to convictions are more properly brought under 28 U.S.C. § 2255 in the sentencing court, rather than in a § 2241 petition in the district of confinement. See United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000). The savings clause of § 2255 allows a petitioner to challenge his conviction or sentence under § 2241, but "only if it 'appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention.'" Id.; 28 U.S.C. § 2255. It is petitioner's burden to establish § 2255 is

4

inadequate or ineffective as a remedy.  <u>DeSimone v. Lacy</u>, 805 F.2d 321, 323 (8th Cir. 1986).

The Eighth Circuit has held a petitioner must show more than a "procedural barrier to bringing a § 2255 petition."  <u>Hill v. Morrision</u>, 349 F.3d 1089, 1091 (8th Cir. 2003).  Therefore § 2255 is not an inadequate remedy merely because (1) a court has already denied relief under that statute, (2) a court has denied the petitioner permission to file a second or successive § 2255 motion, (3) a court has dismissed the petitioner's second or successive § 2255 motion, or (4) the petitioner has allowed the one year statute of limitations and/or grace period to expire.  <u>Id.</u>, quoting <u>United States v. Lurie</u>, 207 F.3d at 1077; <u>see also</u> <u>United States v. Hayman</u>, 342 U.S. 205 (1952)(difficulties in transporting inmate to sentencing court did not render § 2255 inadequate); <u>Zvonaric v. Mustain</u>, 562 F.2d 570 (8th Cir. 1977)(denial of earlier motion alleging different grounds, denial of pauper status and denial of a transcript did not demonstrate inadequacy or ineffectiveness of § 2255 motion).  Petitioner has not shown his failure to raise his claims is attributable to any inadequacy of § 2255.

In addition, even if the court were to interpret Petitioner's pleadings as asserting a claim of actual innocence, such a claim is not a substantive basis for relief in noncapital habeas corpus proceedings, "but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional

claim considered on the merits. Herrera v. Collins, 506 U.S. 390, 404 (1993). The Eighth Circuit has further held that a claim of actual innocence may allow a petitioner to bypass § 2255's gatekeeping requirements and proceed with a § 2241 habeas petition via § 2255's savings clause only where the petitioner had no earlier procedural opportunity to present his substantive claims. Abdullah v. Hedrick, 392 F.3d at 963. Petitioner has not carried this burden. In addition, he has not presented "new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial," which shows a "constitutional violation has probably resulted in the conviction of one who is actually innocent," as discussed in Schlup v. Delo, 513 U.S. 298, 324, 327 (1995), and which meets the definition of actual innocence as that term has developed in habeas corpus law.

Petitioner's latest submission is a document entitled "Memorandum of Facts in Support of Plaintiff's Habeas Corpus 2241," (DE #16) in which he allegedly presents "facts" representing the "tort aspects" of his claims. He appears to request damages, which is not an appropriate remedy under § 2241, but which may be sought under certain circumstances under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Patel v. U.S. Bureau of Prisons, 515 F.3d 807, 812-813 (8th Cir. 2008). The court cannot interpret Petitioner's allegations as stating a claim

under <u>Bivens</u> and proceeding under that case, because they are too vague and conclusory to state a claim of constitutional deprivation.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice. The relief prayed for is denied.

SO ORDERED this 11th day of February, 2009.

*Henry L. Jones, Jr.*
United States Magistrate Judge